IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEIDRA M. ROPER a/k/a "Spinderella", and SPINDERELLA ENTERTAINMENT, LLC<br><br>　　Plaintiffs,<br><br>v.<br><br>CHERYL JAMES-WRAY A/K/A CHERYL JAMES, SANDRA DENTON, JAMES MAYNES, AND S & C PRODUCTIONS, INC.<br><br>　　Defendants. | Civil Action No. 3:19-CV-01651-S |

**PLAINTIFFS' REPLY IN SUPPORT OF
PLAINTIFFS' REQUEST FOR A TEMPORARY RESTRAINING ORDER**

Plaintiffs Deidra M. Roper a/k/a "Spinderella" and Spinderella Entertainment, LLC (collectively, "**Spinderella**"), by and through undersigned counsel, hereby file this Reply (the "**Reply**")[1] to *Defendants' Response in Opposition to Plaintiffs' Request for a Temporary Restraining Order* [Dkt. 23] (the "**Response**") and in support of Plaintiffs' Request for a Temporary Restraining Order (the "**Request**").[2]

---

[1] For efficiency, Spinderella limits her Reply to the issues that she anticipates will be heard during the hearing on Friday, August 2, 2019. Spinderella reserves the right to contest the arguments made in the Response. Further, nothing in this Reply shall constitute a waiver or admission of Spinderella's rights, defenses, remedies, and/or legal positions, all of which Spinderella expressly reserves.

[2] Spinderella made her request for a temporary restraining order in the *Verified Original Complaint and Application for Temporary Restraining Order and Declaratory Judgment* [Dkt. 1] (the "Complaint"). Thereafter, Spinderella filed a letter with the Court seeking a hearing on the Request and advising the Court of the agreed upon hearing date [Dkt. 20].

**PLAINTIFFS' REPLY IN SUPPORT OF
PLAINTIFFS' REQUEST FOR A TEMPORARY RESTRAINING ORDER - Page 1 of 13**

In the Response, Defendants Cheryl James-Wray a/k/a Cheryl James, Sandra Denton, James Maynes, and S & C Productions, Inc. (collectively, "**Salt N Pepa**") argue that Spinderella cannot meet the burden for the relief she requests—temporary restraining order, constructive trust, and an accounting. Salt N Pepa's objections are incorrect and are unsupported by any existing allegations or evidence. For the reasons outlined below, and as will be presented in oral arguments, the objections should be overruled and Spinderella's Request seeking a temporary restraining order, a constructive trust, and an accounting should be in all ways granted.

## I.   ARGUMENT AND AUTHORITIES

1. It is well settled that a movant is entitled to an injunction when the movant shows: (1) a substantial likelihood of success on the merit, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Paulsson Geophysical Servs., Inc. v. Sigmar*, 529 F.3d 303, 309 (5th Cir. 2008)(internal citations omitted).

**A.  There is a substantial likelihood that Spinderella will succeed on the merits.**

2. Spinderella seeks an entry of a temporary restraining order to enjoin Salt N Pepa, and those acting in concert with Salt N Pepa, from continuing to infringe upon Spinderella's federally registered trademark[3] and from misappropriating her image and likeness.[4]

---

[3] The U.S. Patent and Trademark Office TSDR status page (accessed 07-30-2019) for Spinderella's federally registered trademark (US Reg. No. 5164095) is attached hereto as **Exhibit A** and is fully incorporated herein.

[4] Complaint at ¶ 195.

3.     In the spring of 1987, at the age of 16, Spinderella auditioned for membership in the up-and-coming group called "Salt N Pepa" based in New York City.[5] Spinderella first used the name "Spinderella" in May 1987 and has continued to use and be recognized by that name. *See* **Exhibit A**.

4.     For over 30 years, Spinderella performed independently and with Salt N Pepa under her brand, "Spinderella". Spinderella and Salt N Pepa ascended to stardom during the late 1980s and the late 1990s as an iconic trio.[6] The famous trio became a duo when Salt N Pepa sent Spinderella a letter dated January 4, 2019, informing Spinderella that "SNC Productions, Inc. will no longer engage [her] services." (the "Termination Notice") [7]

5.     Salt N Pepa claim that immediately following the Termination Notice, "Salt N Pepa immediately ceased using Spinderella's name and likeness or her mark, including on promotional materials and merchandise." Response App. 003. Contrary to Salt N Pepa's declarations, Salt N Pepa continued to use Spinderella's image to promote shows and merchandise. Below is a true and

---

[5] Complaint at ¶ 12.

[6] Complaint at ¶¶ 14-20.

[7] Complaint at ¶ 54.

correct screenshot of the official Salt N Pepa website depicting pictures used to sell and promote a Limited Edition Idol Maker Jacket taken on July 30, 2019:[8]



---

[8] Attached hereto as **Exhibit B**.

6. Salt N Pepa further claim that the email sent to only two concert promoters was sufficient to absolve Salt N Pepa of any future infringement or misappropriation. *See* Response App. 003-004. This is untrue. Below is a true and correct screenshot of the official website of the I Love The 90s Tour promoting the tour as including "Salt N Pepa with Spinderella" taken on July 12, 2019:[9]



7. Now, however, with a hearing on the Request looming, the official website of the I Love The 90s Tour removed the reference to "with Spinderella" but kept Spinderella's image and likeness as the center focal point of the website. Below is a true and correct screenshot of the

---

[9] Attached hereto as **Exhibit C.**

**PLAINTIFFS' REPLY IN SUPPORT OF**
**PLAINTIFFS' REQUEST FOR A TEMPORARY RESTRAINING ORDER - Page 5 of 13**

official website of the I Love The 90s Tour depicting Spinderella's likeness taken on July 31, 2019:[10]



8. Salt N Pepa cannot escape wrongdoing by relying on the two emails they sent to the concert promoters of the I Love The 90s Tour and the Mix Tape Tour. Indeed, Rule 65(d)(2) of the Federal Rules of Civil Procedure grants courts the authority to bind the parties and "other persons who are in active concert or participation with" the parties. Fed. R. Civ. P. 65(d)(2). The purpose of Rule 65(d)(2) is to ensure "that defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding." *Regal Knitwear Co. v. N.L.R.B.*, 324 U.S. 9, 14 (1945). Here, Salt N Pepa are in

---

[10] Attached hereto as **Exhibit D**.

**PLAINTIFFS' REPLY IN SUPPORT OF**
**PLAINTIFFS' REQUEST FOR A TEMPORARY RESTRAINING ORDER - Page 6 of 13**

active concert and privity with the tour promoters and venues because they share a common interest—maximizing revenue from a performance by "Salt N Pepa".[11]

9. The sufficiently close relationship and privity between Salt N Pepa and the tour promoters and venue locations is evidenced by the non-party's use of the "Salt N Pepa" brand to promote the shows. It is likely that Salt N Pepa entered into contracts with the tour promoters and/or venues in order to facilitate and promote the concert shows for the collective benefit of both Salt N Pepa and the tour promoters or venues.

10. Because Spinderella was part of the group at the height of their fame when they won numerous awards, including a Grammy, Salt N Pepa, in concert with others, are seeking to capitalize on that fame by including Spinderella's trademark, name, image, and likeness in promotional materials. Spinderella's brand, image, and likeness have commercial value that Salt N Pepa are capitalizing on at the expense of the public and Spinderella. Indeed, the likelihood of public confusion is clear—Salt N Pepa's use of Spinderella's brand and likeness creates an expectation that Spinderella will be present when in fact Spinderella is not performing. Therefore, Spinderella has a substantial likelihood of success on the merits of at the least Counts 1, 2, 3, 8, 12 and 15 in the Complaint.[12]

**B. Spinderella with suffer irreparable harm if the injunction is not issued.**

11. Salt N Pepa argue that there is no risk of immediate or irreparable harm because Spinderella delayed in seeking injunctive relief.[13]

---

[11] *See Texas v. Dep't of Labor*, 929 F.3d 205 (5th Cir. 2019) (explaining that determining whether privity exists represents a legal conclusion that the relationship between the one who is a party on the record and the non-party is sufficiently close) (citing *Southwest Airlines Co. v. Texas Int'l Airlines, Inc.*, 546 F.2d 84, 95 (5th Cir. 1977)).

[12] Because Spinderella has a substantial likelihood of success on the merits, Spinderella also requests this Court impose a constructive trust and order an accounting. *See infra.*

[13] Response at p. 4.

12. "Absent a good explanation, . . . a substantial period of delay . . . militates against the issuance of an injunction by demonstrating that there is no apparent urgency to the request for injunctive relief." *Wireless Agents, LLC v. T-Mobile, USA, Inc.,* Civil Action No. 3:05-CV-0094-D, 2006 WL 1540587, at *4 (N.D. Tex. June 6, 2006) (internal citations omitted).

13. First, Spinderella did not allow a substantial period of delay before seeking injunctive relief. *See Wireless Agents, LLC*, Civil Action No. 3:05-CV-0094-D, 2006 WL 1540587, at *4 (N.D. Tex. June 6, 2006) (denying request for injunction due to a 2 year delay); *ADT, LLC v. Capital Connect, Inc.*, 145 F. Supp.3d 671, 698 (N.D. Tex. 2015) (granting a request for injunction when the party delayed 6 months but provided a reasonable explanation for the delay). Here, Spinderella filed her Complaint seeking injunctive relief 7 months after receiving the Termination Notice and 2 months after the start of the Mix Tape Tour, which started in May 2019, when Spinderella learned Salt N Pepa was still using her brand, image, and likeness to promote the concert.

14. Second, Spinderella was engaged in ongoing conversations with Salt N Pepa in an attempt to resolve the infringement and misappropriation without court intervention. Indeed, following receipt of the Termination Notice, Spinderella sent a letter dated February 22, 2019, to Salt N Pepa requesting Salt N Pepa immediately cease and desist the unauthorized use of Spinderella's name, brand, image, and likeness (the "Cease and Desist Letter").[14] Salt N Pepa responded to the Cease and Desist Letter on March 7, 2019 that resulted in Spinderella sending a reply letter dated March 31, 2019. Salt N Pepa and Spinderella continued talking until it became apparent that Salt N Pepa had no intention to stop using Spinderella's brand and likeness for

---

[14] Complaint at ¶ 60.

**PLAINTIFFS' REPLY IN SUPPORT OF**
**PLAINTIFFS' REQUEST FOR A TEMPORARY RESTRAINING ORDER - Page 8 of 13**

commercial gain. Spinderella, therefore, made a public Instagram post in May[15] notifying her fans that she would not be performing in any of the upcoming shows and filed suit in July seeking injunctive relief.

15. Finally, the imminent harm and urgency remains because Salt N Pepa continues to infringe and misappropriate Spinderella's trademark and likeness at the expense of likely causing confusion amongst the public. Indeed, Salt N Pepa have a show on August 9, 2019 in London at the Indigo at the O2. Last checked on July 23, 2019, the O2 uses Spinderella's brand in promoting the show.[16] Salt N Pepa's continued use of Spinderella's trademark, image, and likeness provides Spinderella with no adequate compensation because the infringement and misappropriation places Spinderella's reputation and goodwill at risk, which is the exact kind of injury that is difficult, if not impossible, to adequately compensate for after the fact.[17] The risk of injury to Spinderella's reputation and goodwill, along with the likelihood of confusion by the public, is confirmed by the fact that Salt N Pepa hired a middle-aged African-American woman to perform with Salt N Pepa during the shows.[18] It is likely that a concert attendant, after seeing Spinderella's name associated with the show and not being close enough to the stage to clearly see the DJ, could mistake the DJ for Spinderella. It is hard to believe that any replacement DJ could offer the same quality and skills as Spinderella as it relates to playing songs that (1) Spinderella is intimately familiar with and (2) were originally made popular by Salt N Pepa with Spinderella.

---

[15] Complaint at ¶ 62.

[16] Attached hereto as **Exhibit E** is a true and correct screenshot of the O2 website (theo2.co.uk) depicting "Deidra 'Dee Dee' Roper (DJ Spinderella)" taken on July 23, 2019.

[17] *See ADT, LLC*, 145 F.Supp3d at 698 (N.D. Tex. 2015) ("reiterating that if one trademark user cannot control the quality of the unauthorized user's goods and services, he can suffer irreparable harm.") (internal citations omitted); *and see Paulsson Geophysical Services,* 529 F.3d at 313 (5th Cir. 2008) (holding there was a likelihood of harm to movant's goodwill should the defendant's unauthorized use be inferior to movant's).

[18] Response App. 003.

**PLAINTIFFS' REPLY IN SUPPORT OF
PLAINTIFFS' REQUEST FOR A TEMPORARY RESTRAINING ORDER - Page 9 of 13**

16. Below are true and correct screenshots of a public Instagram post by a concert attendee posted on June 2 evidencing actual confusion:[19]



---

[19] Attached hereto as **Exhibit F**. To protect the identity and privacy of the individuals, the names and faces have been redacted.

**PLAINTIFFS' REPLY IN SUPPORT OF**
**PLAINTIFFS' REQUEST FOR A TEMPORARY RESTRAINING ORDER - Page 10 of 13**



**PLAINTIFFS' REPLY IN SUPPORT OF**
**PLAINTIFFS' REQUEST FOR A TEMPORARY RESTRAINING ORDER - Page 11 of 13**

17. Because Spinderella has provided a reasonable explanation and has not delayed in seeking injunctive relief, but will suffer irreparable harm if the injunction is not issued, the Court should grant Spinderella's Request.

### C. A Constructive Trust and an Accounting is necessary to maintain the status quo.

18. A constructive trust is an equitable remedy that arises to redress a wrong or unjust enrichment to keep with the basic principles of equity and justice. *See Fed. Sav. & Loan Inc. v. Dixon*, 835 F.2d 554, 560 (5th Cir. 1987) (holding that "[c]onstructive trust, accounting and restitution are all equitable tools"); *Meadows v. Bierschwale*, 516 S.W.2d 125, 131 (Tex. 1974). "As an order that purports to control a party's behavior over an extended period of time, a constructive trust is itself a type of preliminary injunction." *Tisino v. R & R Consulting and Coordinating Groups, LLC*, 478 Fed.Appx 183, 185 (5th Cir. 2012) (internal quotations omitted) (affirming preliminary injunction imposing a constructive trust and freezing "all" of defendants assets).

19. Spinderella seeks the imposition of a constructive trust to maintain the status quo of all proceeds and revenue Salt N Pepa received from January 4, 2019 going forward resulting from ticket sales and merchandise proceeds.[20] Salt N Pepa received compensation and revenue from concert shows as a result of exploiting Spinderella's trademark, name, and likeness for commercial value. Therefore, Spinderella also seeks an accounting of all ticket sales and merchandise sales beginning on January 4, 2019.[21]

---

[20] Complaint at ¶ 195.

[21] Spinderella acknowledges that Salt N Pepa purportedly provided an accounting of all "Salt N Pepa" "merchandise sales that contained Spinderella's name, likeness, and mark from 2015 to the first quarter of 2019." Response App. 002. However, Spinderella is requesting an accounting of ticket sales and revenue received from the ticket sales in addition to an updated accounting of merchandise sales from the upcoming shows.

**PLAINTIFFS' REPLY IN SUPPORT OF**
**PLAINTIFFS' REQUEST FOR A TEMPORARY RESTRAINING ORDER - Page 12 of 13**

20.     Because allowing Salt N Pepa to dissipate the assets received would be unjust, equity and justice demand a constructive trust and an accounting. Therefore, this Court should grant Spinderella's Request.

## II.     CONCLUSION

For the foregoing reasons, Spinderella respectfully requests this Court grant the Request, deny the Response, and grant such other and further relief to which Spinderella may be justly entitled.

Dated: August 1, 2019.

          Respectfully Submitted,

          **THOMPSON & KNIGHT LLP**

          /s/ *Paul K. Stafford*
          Paul K. Stafford
          State Bar No. 00791716
          paul.stafford@tklaw.com
          Sydne K. Collier
          State Bar No. 24089017
          sydne.collier@tklaw.com
          Craig Carpenter
          State Bar No. 24082782
          Craig.Carpenter@tklaw.com

          1722 Routh Street, Suite 1500
          Dallas, Texas 75201
          Telephone:     214-969-1106
          Facsimile:      214-999-1500

          **Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

This certifies that on August 1, 2019, a copy of the foregoing was filed and served electronically through ECF.

          /s/ *Paul K. Stafford*
          Paul K. Stafford