IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEIDRA M. ROPER a/k/a "Spinderella", and SPINDERELLA ENTERTAINMENT, LLC<br><br>   Plaintiffs,<br><br>v.<br><br>CHERYL JAMES-WRAY A/K/A CHERYL JAMES, SANDRA DENTON, JAMES MAYNES, AND S & C PRODUCTIONS, INC.<br><br>   Defendants. | Civil Action No. 3:19-CV-01651-S |

**PLAINTIFFS' RESPONSE AND OBJECTION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2), 12(b)(3), and 12(b)(6), AND BRIEF IN SUPPORT [Dkt. 30]**

## TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................... 1

II. SUMMARY OF THE ARGUMENT ....................................................................... 1

III. ARGUMENT AND AUTHORITIES ...................................................................... 2

    A. Defendants are subject to personal jurisdiction in Texas. ............................... 2

        1. James' contacts with Texas support specific jurisdiction. ........................... 4

        2. Denton's contacts with Texas support specific jurisdiction. ...................... 6

        3. Maynes' contacts with Texas support specific jurisdiction. ....................... 7

        4. S&C's contacts with Texas support specific jurisdiction. .......................... 8

        5. Defendants fail to prove that exercising personal jurisdiction is unfair. ................................................................................................................. 9

    B. Venue is appropriate in the Northern District of Texas. ................................... 9

    C. Defendants' 12(b)(6) arguments are moot. ....................................................... 10

IV. CONCLUSION ........................................................................................................ 11

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Burger King v. Rudzewicz*,
   471 U.S. 475 (1985) ............................................................................................................... 9

*Clemens v. McNamee*,
   615 F.3d 374 (5th Cir. 2010) .................................................................................................. 3

*Daimler AG v. Dauman,*
   134 S.Ct. 746 (2014) .............................................................................................................. 3

*Garcia v. City of Amarillo, Texas*, No. 2:18-cv-05-D-BR,
   2019 WL 6272461 (N.D. Tex. Oct. 29, 2018) ...................................................................... 10

*Garza-Selcer v. 1600 Pacific Subtenant, LLC*,
   No. 3:15-cv-03791-N, 2016 WL 11474103 (N.D. Tex. Aug. 30, 2016) ................................ 10

*Herman v. Cataphora, Inc.,*
   730 F.3d 460 (5th Cir. 2013) .................................................................................................. 3

*Johnston v. Multidata Sys. Int'l Corp.,*
   523 F.3d 602 (5th Cir. 2008) .................................................................................................. 2

*King v. Dogan*,
   31 F3d 344 (5th Cir. 1994) ..................................................................................................... 4

*Lewis v. Fresne,*
   252 F.3d 352 (5th Cir. 2001) .................................................................................................. 3

*N. Tex. Opportunity Fund L.P. v. Gammerman & Gainer Int'l, Inc.,*
   No. 3:14-cv-1906-P, 2015 WL 3461035 ............................................................................ 5, 8

*Nayani v. Horseshoe Entm't,*
   No. 3:06-cv-01540-M, 2007 WL 1062561 (N.D. Tex. Apr. 10, 2007) .................................. 6

*Pervasive Software Inc. v. Lexware GmHB & Co. KG,*
   688 F3d 214 (5th Cir. 2012) .................................................................................................. 3

*Rivera v. BMW of North America, LLC*,
   No. 2:19-cv-7, 2019 WL 2539200 (N.D. Tex. Mar. 14, 2019) .......................................... 4, 10

*See CIT Grp./Commercial Servs., Inc. v. Romansa Apparel, Inc.*, No. 3:02-cv-1954-P,
   2003 WL 169208 (N.D. Tex. Jan. 21, 2003) ......................................................................... 9

*Seiferth v. Helicopertos Atuneros, Inc.*,
   472 F.3d 266 (5th Cir. 2006) ........................................................................................... 3, 5

*Siragausa v. Arnold*,
   No. 3:12-cv-04498-M, 2013 WL 5462286 (N.D. Tex. Sept. 16, 2013) ................................. 9

*Walden v. Fiore*,
   134 S.Ct. 1115 (2014) ............................................................................................................ 3

*Wien Air Alaska, Inc. v. Brandt*,
   195 F.3d 208 (5th Cir. 1999) ........................................................................................ 4, 5, 9

*WNS, Inc. v. Farrow*,
   884 F.2d 200 (5th Cir. 1989) ........................................................................................ 6, 7, 8

*World-Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286 (1980) ............................................................................................................ 5, 8

### STATUTES

28 U.S.C. § 1391(b)(2) .................................................................................................................. 9

### RULES

Federal Rules of Civil Procedure 12(b) ...................................................................................... 1, 4

Federal Rules of Civil Procedure Rule 15(a)(1)(B) ...................................................................... 10

Plaintiffs Deidra M. Roper a/k/a "Spinderella" ("**Spinderella**") and Spinderella Entertainment, LLC ("**Spinderella LLC**") (collectively, "**Plaintiffs**"), by and through undersigned counsel, hereby file this Response (the "**Response**") to *Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6), and Brief in Support* [Dkt. 30] (the "**Motion**") and would respectfully show the Court the following:

## I.   INTRODUCTION

The factual background of this case began nearly 30 years ago in the late 1980s when the musical group "Salt-N-Pepa" rose to fame with hits like "Push It" and "Whatta Man". Still in high school, Spinderella joined James and Denton to become the third member in "Salt-N-Pepa". For over 30 years, Spinderella performed as a deejay during concerts with James and Denton as "Salt-N-Pepa" and contributed to "Salt-N-Pepa's" famous audio recordings with her vocal performances. Indeed, James, Denton, and Spinderella were preparing to deliver nostalgia-oriented concerts to fans and audiences nationwide when Defendants noticed Spinderella of her termination from "Salt-N-Pepa" effective January 4, 2019. Despite termination, Defendants Cheryl James-Wray a/k/a Cheryl James ("**James**"), Sandra Denton ("**Denton**"), James Maynes ("**Maynes**"), and S & C Productions, Inc. ("**S&C**") (collectively, "**Defendants**") continued to advertise and use Plaintiffs' mark, name, and likeness to promote concerts. Moreover, Defendants have failed to pay Spinderella for past performances, meet-and-greets, royalties from digital performances of "Salt-N-Pepa" recordings, and her share of the merchandise sales.

## II.   SUMMARY OF THE ARGUMENT

The Court should reject the arguments Defendants raise in their Motion for four reasons. *First*, the Court may exercise personal jurisdiction because Defendants have sufficient minimum contact with Texas, and litigation in Texas does not offend notions of fair play and substantial

justice. Defendants directed communications to Plaintiffs in Texas relating to their concealment of funds owing to Spinderella and as part of their continuing actions infringing upon Plaintiffs' mark, name, image and likeness. Plaintiffs' claims arise from those communications and actions; thus, exercising personal jurisdiction comports with due process.

*Second*, venue is proper because Defendants committed tortious actions against Plaintiffs in the Northern District. Defendants' misrepresentations, omissions, and misappropriations, which give rise to Plaintiffs' claims, substantially occurred in this District.

*Third,* Plaintiffs' fraud claims satisfy Rule 9(b). The factual allegations explain each Defendant's role in the fraud, specify affirmative misrepresentations and material omissions, and identify the dates and locations of the misrepresentations and omissions. Such allegations are more than sufficient to satisfy the liberal pleading standard of Rule 8(a) and the heightened pleading standard of Rule 9(b).

*Fourth*, Plaintiffs plead plausible claims and filed an Amended Complaint [Dkt. 33], therefore Defendants' 12(b)(6) challenges fail and are moot.

### III.  ARGUMENT AND AUTHORITIES

**A. Defendants are subject to personal jurisdiction in Texas.**

A federal court sitting in diversity may assert jurisdiction if the state's long-arm statute applies and if due process is satisfied. *Johnston v. Multidata Sys. Int'l Corp.,* 523 F.3d 602, 609 (5th Cir. 2008). Because the Texas long-arm statute extends to the limits of federal due process, the Court need only determine whether the exercise of jurisdiction is constitutional. *Id.* Under, the Constitution, "a State may authorize its courts to exercise personal jurisdiction over an out-of-state defendant if the defendant has 'certain minimum contacts with [the State] such that the

maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Pervasive Software Inc. v. Lexware GmHB & Co. KG,* 688 F3d 214, 220 (5th Cir. 2012).

Two types of minimum contacts exist: (1) those that give rise to general personal jurisdiction and (2) those that give rise to specific personal jurisdiction. *Lewis v. Fresne,* 252 F.3d 352, 358 (5th Cir. 2001). For a court to exercise general jurisdiction, the plaintiff must show that the defendant's "affiliations with the State are so continuous and systematic as to render it essentially at home in the forum state." *Daimler AG v. Dauman,* 134 S.Ct. 746, 761 (2014). By contrast, specific jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 134 S.Ct. 1115, 1121 (2014). The Fifth Circuit applies a three-step analysis to determine whether specific jurisdiction exists: (1) whether the defendant has minimum contacts with the forum state, *i.e.*, whether it purposely directed its activities toward the forum or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's claim arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair. *Seiferth v. Helicopertos Atuneros, Inc.,* 472 F.3d 266, 271 (5th Cir. 2006). If the plaintiff can successfully establish the first two prongs, the burden shifts to the defendant to show that exercising jurisdiction is unfair. *Id.* Under any minimum contacts analysis, the plaintiff "need only present facts sufficient to constitute a *prima facie* case of personal jurisdiction." *Herman v. Cataphora, Inc.,* 730 F.3d 460, 464 (5th Cir. 2013). In determining whether a *prima facie* case exists, allegations in the complaint must be taken as true and conflicts must be resolved in the plaintiff's favor. *Id.*

Here, the Court may exercise specific jurisdiction over all four Defendants because the Defendants purposefully directed activities at a Texas resident, and Plaintiffs' claims result directly from injuries that arise out of or relate to those specific activities. *Clemens v. McNamee*, 615 F.3d

374, 378 (5th Cir. 2010). The Defendants' conduct and communications *directed at Texas* establish specific jurisdiction. As explained below, Defendants' argument that Plaintiffs have not shown that the Court has specific jurisdiction over the Defendants fails.[1]

**1. James' contacts with Texas support specific jurisdiction**.

*First*, Defendants' arguments rely on the Complaint [Dkt. 1]. However, Plaintiffs filed their *First Amended Complaint* [Dkt. 33], which renders the Complaint of no legal effect. *Rivera v. BMW of North America, LLC*, No. 2:19-cv-7, 2019 WL 2539200, at *1 (N.D. Tex. Mar. 14, 2019) (recognizing that "[a]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading") (internal quotations omitted) (citing *King v. Dogan*, 31 F3d 344, 346 (5th Cir. 1994). The Motion is therefore rendered moot by the First Amended Complaint [Dkt. 33] *Id.* (supporting that generally filing an amended complaint renders pending motion as moot).

*Second,* Defendants have availed themselves to jurisdiction in this District by taking active steps in complying with the Court's Order Referring Case to Mediation [Dkt. 27]. Defendants' compliance with Dkt. 27 indicates conduct that does not reflect a continuing objection to the power of the court to act over the Defendants'. Indeed, Defendants' actions show an agreement to mediate in this District.

In the event the Court does not consider the 12(b)(2) arguments in the Motion as moot or waived, Plaintiffs alternatively argue that James' contacts with Texas support specific jurisdiction. The content of James' contacts with Spinderella in Texas give rise to Spinderella's claims sounding in tort. These tortious contacts alone constitute purposeful availment. *Wien Air Alaska,*

---

[1] To the extent additional facts would help the Court analyze personal jurisdiction over Defendants, Plaintiffs are willing to engage in limited jurisdictional discovery.

*Inc. v. Brandt*, 195 F.3d 208, 213 (5th Cir. 1999) (reversing district court and holding plaintiff established personal jurisdiction because defendant's continuing material omissions and misrepresentations to the plaintiff "gives rise to intentional tort causes of action, [which] along constitutes purposeful availment."). Here, the Court should exercise specific jurisdiction over James because the tortious nature of the activity and contact with Spinderella constitutes purposeful availment. *Id.*; *see also N. Tex. Opportunity Fund L.P. v. Gammerman & Gainer Int'l, Inc.* No. 3:14-cv-1906-P, 2015 WL 3461035, at *3–4 (N.D. Tex. Apr. 22, 2018 (Solis, C.J.) (denying a motion to dismiss fraud and breach of fiduciary duty claims for lack of personal jurisdiction because defendants direct fraudulent communications to a Texas plaintiff).

Additionally, Plaintiffs' claims of misappropriation of their mark, brand, image, and likeness arise out of or result from James' forum-related contacts, including concerts in Texas, communications with Texas residents, and merchandise sales in Texas. *Helicopertos Atuneros, Inc.,* 472 F.3d at 271 (5th Cir. 2006).

Though a single tortious act supports specific jurisdiction, *Brandt*, 195 F.3d at 211, the First Amended Complaint identifies multiple instances where James directed tortious acts to Plaintiffs in Texas, and committed infringing acts in Texas. For example, James told Spinderella she would receive a 1/3 share of income generated from the meet-and-greet events and after-parties during the I Love The 90s Tour, but either failed to pay Spinderella or failed to provide an accounting. James also promoted, sold, and received the benefit of merchandise sales from the shows in Texas and did not provide to Spinderella her share.

Finally, any of Plaintiffs' claim that arise from James' actions occurring outside of Texas affected Spinderella—a Texas resident, and therefore James is subject to personal jurisdiction in Texas. *Nayani v. Horseshoe Entm't,* No. 3:06-cv-01540-M, 2007 WL 1062561, at *5 (N.D. Tex.

Apr. 10, 2007) (Lynn, J.) (denying motion to dismiss for lack of personal jurisdiction because defendant knew plaintiff resided in Texas, "and it was foreseeable and highly likely that [plaintiff] would bear the brunt of the effects of this action in Texas").

These allegations alone show that James directed tortious activity to Texas and support jurisdiction. These allegations further show Plaintiffs' other claims arise out of or result from James' contact with Texas or affected a Texas resident. Because Plaintiffs' claims against James arise from these tortious communications and infringing actions toward Plaintiffs, Plaintiffs have demonstrated a *prima facie* case for specific personal jurisdiction. *See WNS, Inc. v. Farrow,* 884 F.2d 200, 2013 (5th Cir. 1989).

**2. Denton's contacts with Texas support specific jurisdiction**.

For the same reasons addressed above in Section III.A.2, Denton's arguments against personal jurisdiction are moot or waived. In the event the Court does not consider the 12(b)(2) arguments in the Motion as moot or waived, Plaintiffs alternatively argue that Denton's contacts with Texas support specific jurisdiction.

Similar to James, Denton availed herself to this jurisdiction by directing tortious acts to Plaintiffs in Texas, and committing infringing acts in Texas. For example, Denton told and promised Spinderella that she and James had $125,000 that was owed to Spinderella. Denton also promoted, sold, and received the benefit of merchandise sales from the shows in Texas and did not provide to Spinderella her share. Finally, any of Plaintiffs' claim that arise from Denton's actions occurring outside of Texas affected Spinderella—a Texas resident, and therefore Denton is subject to personal jurisdiction in Texas.

Additionally, Plaintiffs' claims of misappropriation of their mark, brand, image, and likeness arise out of or result from Denton's forum-related contacts, including concerts in Texas,

communications with Texas residents, and merchandise sales in Texas. *Helicopertos Atuneros, Inc.,* 472 F.3d at 271 (5th Cir. 2006).

These allegations alone show that Denton directed tortious activity to Texas and support jurisdiction. These allegations further show Plaintiffs' other claims arise out of or result from Denton's contact with Texas or affected a Texas resident. Because Plaintiffs' claims against Denton arise from these tortious communications and infringing actions toward Plaintiffs, Plaintiffs have demonstrated a *prima facie* case for specific personal jurisdiction. *See Farrow,* 884 F.2d at 2013 (5th Cir. 1989).

**3. Maynes' contacts with Texas support specific jurisdiction**.

For the same reasons addressed above in Section III.A.2, Maynes' arguments against personal jurisdiction are moot or waived. In the event the Court does not consider the 12(b)(2) arguments in the Motion as moot or waived, Plaintiffs alternatively argue that Maynes' contacts with Texas support specific jurisdiction.

Similar to James and Denton, Maynes availed himself to this jurisdiction by directing tortious acts to Plaintiffs in Texas, and committing infringing acts in Texas. For example, Maynes James told Spinderella that he was negotiating in Spinderella's best interest regarding a DJ Residency in Las Vegas. However, Spinderella would later discover this was false. James also promoted and sold merchandise during shows in Texas and did not provide to Spinderella her share. Finally, any of Plaintiffs' claim that arise from James' actions occurring outside of Texas affected Spinderella—a Texas resident, and therefore Maynes is subject to personal jurisdiction in Texas.

Additionally, Plaintiffs' claims of misappropriation of their mark, brand, image, and likeness arise out of or result from Maynes' forum-related contacts, including concerts in Texas,

communications with Texas residents, and merchandise sales in Texas. *Helicopertos Atuneros, Inc.,* 472 F.3d at 271 (5th Cir. 2006).

These allegations alone show that Maynes directed tortious activity to Texas and support jurisdiction. These allegations further show Plaintiffs' other claims arise out of or result from Maynes' contact with Texas or affected a Texas resident. Because Plaintiffs' claims against Maynes arise from these tortious communications and infringing actions toward Plaintiffs, Plaintiffs have demonstrated a prima facie case for specific personal jurisdiction. *See Farrow*, 884 F.2d at 2013 (5th Cir. 1989).

**4. S&C's contacts with Texas support specific jurisdiction**.

For the same reasons addressed above in Section III.A.2, S&C's arguments against personal jurisdiction are moot or waived. In the event the Court does not consider the 12(b)(2) arguments in the Motion as moot or waived, Plaintiffs alternatively argue that S&C's contacts with Texas support specific jurisdiction.

Similar to James, Denton, and Maynes, S&C availed itself to this jurisdiction by directing tortious acts to Plaintiffs in Texas, and committing infringing acts in Texas. For example, S&C promoted, sold, and received the benefit of merchandise sales from the shows in Texas and did not provide to Spinderella her share. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297–98 (1980) (holding that a state does not offend due process by exercising jurisdiction over an entity that delivers its product into the stream of commerce with the expectation that they will be purchased by consumers in the forum state). S&C further availed itself to this jurisdiction by its consistent communication with Spinderella by sending Spinderella—a Texas resident—1099s. Further, S&C knowingly participated in James, Denton, and Maynes' fraud and breach of fiduciary duties to Spinderella. As a knowing participant in such intentional wrongdoing directed at a Texas

resident, S&C could reasonably anticipate being haled into this Court. *See N. Tex. Opportunity Funds,* 2015 WL 3461035, at *5.

### 5. Defendants fail to prove that exercising personal jurisdiction is unfair.

Plaintiffs have demonstrated a *prima facie* case for specific jurisdiction over Defendants, so the burden shifts to Defendants to make a "compelling case" for why the exercise of jurisdiction would be unfair. *Burger King v. Rudzewicz*, 471 U.S. 475, 477 (1985); *Brandt*, 195 F.3d at 215. Here, Defendants provide *no* evidence that exercising personal jurisdiction would be unjust. As a result, Defendants fail to satisfy their heavy burden. Indeed, the exercise of jurisdiction "likely comports with the due process clause" because this case involves fraud and breach-of-fiduciary-duty claims 'directly related to the tortious activities that give rise to personal jurisdiction." *Brandt*, 195 F.3d at 215. Moreover, any "inconvenience" is likely a red herring. Indeed, Defendants routinely held shows or appearances throughout Texas and regularly promoted and sold merchandise in Texas and directed toward Texas residents. Thus, exercising personal jurisdiction is not unfair.

### B. Venue is appropriate in the Northern District of Texas.

As set forth in Section III.A., Defendants' arguments that the Northern District Texas is improper is moot or waived. Alternatively, and as set forth in Sections III.A.2-5., Defendants have availed themselves to this District. Further, the venue is proper because a "substantial part of the alleged events or omissions giving rise to the claims occurred" in the Northern District. 28 U.S.C. § 1391(b)(2). In deciding whether venue is proper, a court should accept facts alleged in the complaint as true and resolve all conflicts in plaintiffs' favor. *See CIT Grp./Commercial Servs., Inc. v. Romansa Apparel, Inc.*, No. 3:02-cv-1954-P, 2003 WL 169208, at *2 (N.D. Tex. Jan. 21, 2003).

Specifically, Defendants' communications to and activities in the District constitute a substantial part of the events giving rise to Plaintiffs' claims. *See Siragausa v. Arnold*, No. 3:12-cv-04498-M, 2013 WL 5462286, at *3 (N.D. Tex. Sept. 16, 2013) (denying motion to dismiss for improper venue because a substantial part of the events giving rise to the plaintiff's claims, specifically the defendant's alleged misrepresentations, occurred via communications to the plaintiff in the Northern District of Texas). Because Defendants made communications to Spinderella relating or resulting in tortious acts in this District, venue is proper. More specifically, Defendants misappropriated Spinderella's name, image, and likeness in this District and therefore, venue is proper.

### C. Defendants' 12(b)(6) arguments are moot.

Pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, Plaintiffs filed its *First Amended Complaint* [Dkt. 33]. The effect of filing the First Amended Complaint rendered the Complaint [Dkt. 1] of no legal effect. *Rivera*, No. 2:19-cv-7, 2019 WL 2539200, at *1 (N.D. Tex. Mar. 14, 2019) (denying defendant's motion to dismiss as moot because plaintiff's filed an amended complaint and then defendant's filed a new motion to dismiss); *see* Electronic Order [Dkt. 18], *Jacobs v. Oliney,* No. 3:19-cv-00574-S (Ordered May 29, 2019) (Scholer, J.) (finding motion to dismiss as moot in light of amended complaint); Electronic Order [Dkt. 25], *Woodard v. Clay Cooley Enters.*, No. 3:19- cv-00104-S (Ordered June 25, 2019) (Scholer, J.) (finding motion to dismiss as moot in light of amended complaint); *Garcia v. City of Amarillo, Texas*, No. 2:18-cv-05-D-BR, 2019 WL 6272461, at *1 (N.D. Tex. Oct. 29, 2018) (stating, "Courts in the Northern District of Texas generally adhere to the school of thought than an amended complaint, which supersedes the original complaint as the operative live pleading, renders moot a motion to dismiss the original complaint."); *Garza-Selcer v. 1600 Pacific Subtenant, LLC*, No. 3:15-cv-

03791-N, 2016 WL 11474103, at *2 (N.D. Tex. Aug. 30, 2016) (stating, "When a motion to dismiss is filed against a superseded complaint, courts ordinarily deny the motion as moot.").

## IV. CONCLUSION

For the above reasons, Plaintiffs respectfully requests that the Court deny Defendants' Motion in its entirety.

DATED: August 26, 2019

                Respectfully Submitted,

                **THOMPSON & KNIGHT LLP**

                /s/ *Paul K. Stafford*
                Paul K. Stafford
                State Bar No. 00791716
                paul.stafford@tklaw.com

                Sydne K. Collier
                State Bar No. 24089017
                sydne.collier@tklaw.com
                1722 Routh Street, Suite 1500
                Dallas, Texas 75201
                Telephone:    214-969-1106
                Facsimile:     214-999-1500

                Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served electronically though ECF on all counsel of record.

                */s/* Paul K. Stafford
                Paul K. Stafford